UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS, | No. 2:18-cv-01941-GGH |
| Petitioner, | ORDER |
| v. | |
| LOS ANGELES SUPERIOR COURT, | |
| Respondent. | |

*INTRODUCTION*

Petitioner filed a petition for a writ of habeas corpus acting pro se on July 13, 2018. ECF No. 1. In his petition he states his conviction, his sentence, his appeal efforts, and identifies one prior habeas petition filed in the superior court in Los Angeles. The garbled petition filed here is, however, split between his contention that his trial was faulty thus resulting in an unconstitutional conviction, id. at 4 (a matter for the Central District of California), and his contention that he has been denied due process by being denied proper procedure for complaints and fair hearings regarding a disciplinary hearing in which he was involved. Id. at 3-4 (properly venued in the Eastern District of California). It is unclear whether petitioner was assessed time credit penalties for the disciplinary violation.

////

Further, petitioner has neither sought in forma pauperis status to pursue his claims nor has he paid the filing fee required when one does not qualify for such status. These deficiencies must be corrected in conformity to the explanations and instructions found in this Order for petitioner to move forward to attempt to remedy his situation.

*DISCUSSION*

The court cannot maintain two unrelated habeas corpus actions in one action. See Rules for Section 2254 proceedings, Rule 2(e). Moreover, petitioner cannot challenge a prison disciplinary conviction for which he was never "in custody," i.e., was assessed some extra time for prison by way of having good time credits reduced, which, if recovered, would actually speed his release. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016 (en banc) (vacating disciplinary conviction would not actually speed the release of an indeterminately sentenced prisoner). If however, a prisoner were determinately sentenced, the restoration of credits might actually speed release. See Brisette v. Arnold, 2016 WL 4061304 (E.D. Cal. 2016); Larkin v. Davey, 2016 WL 6094470 (E.D. Cal. 2016).[1]

If petitioner seeks to proceed in habeas corpus he must file an amended petition naming the proper respondent and laying out his claims and the facts underlying them as called for in the pleading form that will be sent to him. Any new filing must be entitled "Amended Petition for Writ of Habeas Corpus. The court will provide the form of petition used in this District to aid petitioner in formulating his pleading.

As adverted to above, petitioner has neither sought in forma pauperis status to pursue his case without the necessity to pay the court's required filing fee nor has he paid that fee. The court will provide the petitioner with this court's form of application for this status which petitioner must complete and it must be accompanied by a statement regarding the status of his jail trust account executed by a state official, or he must arrange for the filing fee to be deposited with the

---

[1] The court will not presume that petitioner is serving an indeterminate sentence which might make the filing of a civil rights action the appropriate action as opposed to a petition for habeas corpus. Because of the dual nature of the convictions set forth in the petition, the undersigned will reserve judgment on this issue.

2

| | |
|---|---|
| 1 | court at the time he files the amended complaint.  A copy of the completed application must be |
| 2 | filed with both complaints if petitioner seeks to file two separate claims. |
| 3 | *CONCLUSION* |
| 4 | In light of the foregoing IT IS HEREBY ORDERED that: |
| 5 | 1.    The petition for habeas corpus is DISMISSED with leave to amend; |
| 6 | 2.    Petitioner may, within 45 days from the date of this Order, file an amended |
| 7 | petition that conforms to the terms of this Order; to the extent petition is challenging his |
| 8 | underlying criminal conviction, as opposed to a disciplinary conviction occurring in this district, |
| 9 | such petition shall be filed in the Central District of California; |
| 10 | 3.    Either before, or simultaneously with, the filing of the amended petition, petitioner |
| 11 | shall provide the court with completed applications to proceed in forma pauperis, if such is |
| 12 | appropriate, or with the filing fee required by the court; |
| 13 | 4.    Failure to file an amended petition will result in a recommendation that the petition |
| 14 | be dismissed without leave to amend. |
| 15 | Dated: August 6, 2018 |

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE